UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| POSITION TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10 C 3614 |
| | ) | |
| KENNETH L. JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, Chief Judge:

On July 2, 2010, plaintiff Position Technologies, Inc. ("PTI") filed a one-count complaint for injunctive and other relief against defendant, Kenneth L. Johnson ("Johnson"), alleging that Johnson violated the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 et seq. ("CFAA"). In response, Johnson has filed a motion to stay pursuant to the *Colorado River*[1] doctrine or, in the alternative, to dismiss. (Dkt. No. 10.) For the reasons set forth below, Johnson's motion is denied.

BACKGROUND

From February 10, 2003 through January 18, 2010, Johnson was a minority shareholder of PTI and was employed as its President and Chief Financial Officer. (Dkt. No. 11 ("Johnson's Mem.") at 2.) On January 18, 2010, Johnson was suspended without pay based upon his conduct that was allegedly "deleterious to PTI," as explained in detail below. (Dkt. No. 4 ("Compl.") ¶ 39.)

---

[1] *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).

1

On February 25, 2010, Johnson filed a state court case against PTI and PTI's Chief Executive Officer, James Stob ("Stob") in the Circuit Court of DuPage County, *Johnson v. Position Tech., Inc.*, Case No. 2010-CH-1014 ("the state court case"), alleging that Stob dissipated, wasted, and converted corporate assets by using his corporate credit card for personal expenses. (Johnson's Mem. at 3.)

On April 15, 2010, PTI filed its verified answer, affirmative defenses, and counterclaim in the state court case. (*Id.*) PTI's counterclaim consists of six different counts,[2] based upon Johnson's conduct during his employment at PTI and upon his termination. (Dkt. No. 18 ("PTI's Mem.") at 4 n.3; *see also* Johnson's Ex. B (in part).) The counterclaim generally relies on PTI's allegations that Johnson removed PTI computers, electronic storage devices, and hard drives which contained PTI business information, without authorization to do so. (*Id.* at 2-3.)

On June 10, 2010, PTI filed its complaint in the instant case. PTI seeks relief under the CFAA based upon its allegations that Johnson installed a data "wiping" program and deleted its business files in early March 2010. (Compl. ¶ 1.) Specifically, PTI claims that Johnson "installed an electronic data 'wiping' program called SecureClean 4 on at least two of PTI's computers and purposely and permanently deleted thousands of documents and files containing PTI's confidential and proprietary business data." (*Id.*) PTI also alleges in this federal lawsuit that Johnson "was not authorized by PTI to access its computer systems for personal gain, access its computerized information, copy electronic information files, destroy electronic information files, send electronic files to USB memory devices or continue to possess PTI's electronic files

---

[2] PTI's counterclaim includes: breach of fiduciary duty, actual and threatened misappropriation of trade secrets, conversion, tortious interference with prospective economic advantage, defamation, and invasion of privacy/intrusion upon seclusion. (PTI's Mem. 4 n.3.)

and data for personal gain or that of a competitor. (Compl. ¶ 80.)

Johnson filed the pending motion to stay or, in the alternative, to dismiss (Dkt. No. 10), arguing that "PTI has submitted these issues to the state court previously, and has filed a duplicative, redundant suit." (Johnson's Mem. at 1.)

## LEGAL STANDARD

The Colorado River doctrine allows a federal court to stay or dismiss duplicative litigation in exceptional circumstances where there is a concurrent state proceeding and a stay would promote "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Colorado River*, 424 U.S. at 817 (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952)). The general principle of the Colorado River doctrine is to avoid duplicative litigation. *Id.* When deciding whether to invoke the Colorado River abstention doctrine "the district court must undertake in a two-part inquiry." *Tyrer v. City of South Beloit*, 456 F.3d 744, 751 (7th Cir. 2006). "First, the court must determine whether 'the concurrent state and federal actions are actually parallel. Then, once it is established that the suits are parallel, the court must consider a number of non-exclusive factors that might demonstrate the existence of exceptional circumstances.'" *Id.* (quoting *Clark v. Lacy*, 376 F.3d 682, 685 (7th Cir. 2004)).

"To meet the 'parallel' requirement, suits need not be identical. Two suits are considered 'parallel when substantially the same parties are contemporaneously litigating substantially the same issues in another forum.'" *Caminiti & Iatarola, Ltd. v. Behnke Warehousing, Inc.*, 962 F.2d 698, 700 (7th Cir. 1992) (quoting *Interstate Material Corp. v. City of Chicago*, 847 F.2d 1285, 1288 (7th Cir. 1988)). In other words, "there should be a 'substantial likelihood that the

state litigation will dispose of all claims presented in the federal case.'" *Clark*, 376 F.3d at 686 (quoting *Lumen Constr., Inc. v. Brant Constr. Co. Inc.*, 780 F.2d 691, 695 (7th Cir. 1985).). "If there is any substantial doubt that the parallel litigation will be 'an adequate vehicle for the complete and prompt resolution of the issues between the parties,'" the district court should not stay or dismiss the federal action. *AAR Int'l, Inc. v. Nimelias Enters. S.A.*, 250 F.3d 510, 518 (7th Cir. 2001) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 19 (1983)). "Abstention from the exercise of federal jurisdiction is the exception not the rule." *Colorado River*, 424 U.S. at 813.

## ANALYSIS

In this case, the court declines to dismiss the federal case pursuant to *Colorado River*, because this federal case and the state court case are not parallel. In his motion to dismiss, Johnson argues that "there is not only 'substantial likelihood that the state litigation will dispose of all claims presented in the federal case,' but virtual certainty." (Johnson's Mem. at 8 (quoting *Caminiti*, 962 F.2d at 702).) PTI takes the position that the state court case's claims and counterclaims cannot dispose of PTI's CFAA claim in its entirety, because they fail to address "Johnson's conduct of installing a data wiping program on PTI computers and permanently deleting PTI's business files." (PTI's Mem. at 7-8.)

The court agrees with PTI that the resolution of the state court case will not address all of the issues in this federal case. One issue relevant to both cases involves PTI's allegations that Johnson accessed PTI's computer systems and electronic information without authorization. *See Liebert Corp. v. Mazur*, No. 04 C 3737, 2004 WL 2095666, at *2 (N.D. Ill. Sept. 17, 2004) (Hart, J.) (finding that "[b]oth the CFAA claims in the federal case and the [Illinois Trade Secret

4

Act] claims in the state case arise from the same occurrence and set of facts" where plaintiffs alleged that "confidential, proprietary, and trade secret information" was taken by defendant without authorization). However, PTI's CFAA claim *also* includes allegations that Johnson installed an electronic data "wiping" program on PTI's computers and "permanently deleted thousands of documents and files containing PTI's confidential and proprietary business data." (Compl. ¶ 1.) This is a separate violation under the CFAA. *Compare* 18 U.S.C. §§ 1030(a)(2)(C) and 1030(a)(4) *with* 18 U.S.C. § 1030(a)(5). Although these cases do overlap in their background facts, there is no likelihood that the state court case will be able to dispose of all the claims presented in this federal case, and the cases are not considered "parallel" for purposes of *Colorado River*.

In the alternative, Johnson argues that "this [federal] case should be dismissed with prejudice for failing to remove the [CFAA] claims within the time prescribed [by] 28 U.S.C. 1446(b)." (Johnson's Mem. 14.) This argument is nonsensical, as PTI never set forth its CFAA claim in the state court case. Moreover, even if PTI had included its CFAA claim in the state court case, "there has never been a suggestion that a defendant could, by asserting an artful counterclaim, render a case removable in violation of the well-pleaded complaint rule." *Fortuna v. Ill. Sports Facilities Auth.*, 668 F. Supp. 2d 1080, 1082-83 (N.D. Ill. 2009) (Castillo, J.) (quoting *Texas v. Walker*, 142 F.3d 813, 816 n. 2 (5th Cir. 1998)). Johnson's argument that PTI should have (1) filed the CFAA claim in federal court; (2) included its counterclaim as additional causes of action in its hypothetical federal case; and (3) consolidated the state court case "into" the federal court case, is speculative and without legal support. (Dkt. No. 19 ("Johnson's Reply") at 6-7.) Johnson's motion to dismiss on these alternative grounds is denied.

## CONCLUSION

For the reasons set forth above, defendant Kenneth L. Johnson's motion to stay or, in the alternative, to dismiss (Dkt. No. 10), is denied.

ENTER:

_____
JAMES F. HOLDERMAN
Chief Judge, United States District Court

Date: December 10, 2010